UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MELISSA NEWMAN** | : | Case No. 1:22-cv-645 |
| 606 Paradise Court | : | |
| Alexandria, KY 41001 | : | |
| | : | |
| v. | : | |
| | : | |
| **JDRF INTERNATIONAL** | : | |
| 26 Broadway, 14th Floor | : | |
| New York, NY 10004 | : | |
| | : | |
| **Defendant.** | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Melissa Newman, for her Complaint against JDRF International, states as follows:

### I.  PRELIMINARY STATEMENT

1. This is a civil rights action arising out of Ms. Newman's former employment with JDRF International.  Plaintiff alleges that she has been subjected to unlawful discrimination in the terms and conditions of her employment on the basis of her gender and retaliation for complaining about what she reasonably and in good faith believed to be gender discrimination.

2. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* and the Ohio Civil Rights Act, Ohio Rev. Code § 4112.02 *et seq.*

3. Plaintiff seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both her economic and non-economic injuries.  She also seeks punitive damages, equitable relief in the form of reinstatement or front pay, and her reasonable attorney fees and costs in prosecuting this matter.

## II.  JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by Title VII.  This Court may assume supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as her federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio, Western Division.

## III.  PARTIES

6. Plaintiff Melissa Newman is a United States citizen and resident of Kentucky.

7. Defendant JDRF International ("JDRF") is a not-for-profit company organized under the laws of Pennsylvania.  JDRF is a charitable organization raising money for Type 1 diabetes research.  JDRF is an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act.

## IV. ADMINISTRATIVE HISTORY

8. Plaintiff filed a charge of discrimination with the EEOC (473-2022-00877) alleging that JDRF discriminated against her on the basis of her gender and for discriminating against her for complaining about gender discrimination in violation of Title VII.

9. Plaintiff received a Notice of Right to Sue from the EEOC on September 21, 2022.  Plaintiff has filed this lawsuit within 90 days of receiving the notice.  A copy of the notice is attached.

## V. STATEMENT OF THE CASE

10. JDRF hired Ms. Newman as the Executive Director of the Cincinnati Chapter (later renamed "Southwest Ohio Chapter" and then the "Southern & Central Ohio Chapter") in 2012. In that role, Ms. Newman's primary function was raising funds for the foundation.

11. In 2018, Ms. Newman filed a charge of discrimination with the EEOC alleging that she was being paid less than her peers on account of her gender and in retaliation for her complaints of gender discrimination.

12. On September 11, 2019, following the conclusion of the administrative process, Ms. Newman filed suit in this Court, Case No. 1:19-cv-00763, alleging gender discrimination and retaliation.

13. In December 2020, after litigating the case, the parties entered into an agreement to resolve all claims and the parties agreed to dismiss the action.

14. The terms of the settlement agreement are confidential.

15. In late summer 2021, Ms. Newman received an annual performance review. Despite meeting or exceeding her primary goals, and while managing a newly-constituted chapter than had doubled in size without any additional staff resources, JDRF gave her an overall rating of "effective." JDRF did not provide Ms. Newman with a merit increase or issue her a bonus, despite such performance previously resulting in such compensation.

16. After not receiving a merit increase or bonus, Ms. Newman expressed concern to her supervisor, Virginia Gaston, that she believed JDRF's failure to provide her with a merit increase or issue her a bonus was retaliation for her prior legal action against the organization.

17. Ms. Gaston did not meaningfully consider Ms. Newman's complaint. Instead, Ms. Gaston dismissively told Ms. Newman that she was not experiencing retaliation.

18. In November 2021, Ms. Newman's counsel contacted JDRF's counsel from the first action regarding JDRF's apparent failure to abide by certain terms of the confidential settlement agreement.

19. In December 2021, Ms. Newman completed an internal survey, at JDRF's request, in which she noted that gender discrimination was occurring within the organization and that the organization had failed to fully investigate complaints.

20. Also in December 2021, Ms. Newman secured the largest cash gift in JDRF history from a donor.

21. In early January 2022, JDRF notified Ms. Newman that it was starting an investigation into her, but refused to state the basis of the investigation.

22. JDRF engaged an outside attorney to conduct the investigation. Ms. Newman willingly participated in the investigation, providing answers to the investigator's questions and requested documents.

23. On February 4, 2022, JDRF terminated Ms. Newman for:
    a. alleged policy violations related to how she coded certain expenses and revenue from certain events on the chapter's budget;
    b. allegedly providing compensation to interns in violation of an unstated company policy;
    c. allegedly dressing inappropriately during JDRF functions and in pictures on her personal social media account; and
    d. her work as a professor at the University of Cincinnati, which JDRF claimed was negatively impacting her performance at JDRF.

24. Prior to terminating her employment, JDRF expressed no concern with how Ms. Newman was coding expenses and revenue from certain events, her attire, or her work as a professor, which JDRF was fully aware she was doing—including in the recently completed annual performance review in which JDRF rated Ms. Newman has having met expectations.

25. The actions of JDRF in terminating Ms. Newman were committed knowingly, willfully, maliciously, and intentionally with a callous and deliberate disregard for federal law prohibiting discrimination and retaliation in the terms and conditions of her employment.

26. As a direct and proximate result of Defendant's actions, Ms. Newman has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to her professional reputation.

## VI. STATEMENT OF THE CLAIMS

### Count 1: Gender Discrimination
### 42 U.S.C. § 2000 and Ohio Rev. Code § 4112.02

27. Plaintiff incorporates paragraphs 1 through 26 as if fully rewritten herein.

28. The actions of JDRF constitute employment discrimination on account of gender in violation of Federal and Ohio law.

### Count 2: Retaliation
### 42 U.S.C. § 2000 and Ohio Rev. Code § 4112.02

29. Plaintiff incorporates paragraphs 1 through 28 as if fully rewritten herein.

30. JDRF has taken adverse action against Ms. Newman because of her opposition to what she reasonably and in good faith believes to be gender discrimination and retaliation, and because of her participation in an action to redress gender discrimination and retaliation.

## PRAYER FOR RELIEF

Wherefore, Ms. Newman demands judgment against JDRF International as follows:

1. An award of compensatory damages for all economic damages suffered by Plaintiff in an amount to be determined at trial;

2. An award of compensatory damages for all non-economic damages suffered by Plaintiff in an amount to be determined at trial;

3. An award of punitive damages in an amount to be determined at trial;

4. An award of Plaintiff's reasonable attorney fees and costs;

5. An award of any other relief in law or equity to which Plaintiff is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com

*Counsel for Plaintiff Melissa Newman*

## JURY DEMAND

Plaintiff Melissa Newman demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler